IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DALE MAISANO, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 3:13-mc-0127<br>) |
| CORIZON HEALTH INC., | ) Chief Judge Haynes<br>) |
| Defendant. | ) |

## ORDER

*Pro se* plaintiff Dale Maisano, an exceptionally litigious prisoner at the Arizona State Prison in Tucson, has begun filing a series of identical, one-page complaints in this Court, of which the complaint in this case is one. The complaints contain virtually no actual allegations of fact; the plaintiff states only that "Corizon Health Inc. is fully aware the food I'm given daily is making me quite ill. Pure torture as in *Wal-Mart v. Duke*, 131 S. Ct. 2541 (2011). They are fully aware I'm claiming Medical Malpractice & Rico Daily." (ECF No. 1.)[1] He seeks injunctive relief and damages in the amount of "One Trillion Dollars U.S." (*Id.*)

The plaintiff is barred by 28 U.S.C. § 1915(g) from proceeding *in forma pauperis*. He did not submit the $400.00 filing fee with his complaint, and he does not allege that he is in imminent danger of serious physical injury. Moreover, the complaint is not in compliance with the Order and Restraining Order entered by Senior United States District Judge Stephen M.

---

[1] The plaintiff does, indeed, appear to be filing one of these photocopied complaints almost daily. The complaints are exact photocopies of each other and differ only in that the date by the plaintiff's signature varies. The plaintiff also appears to be filing identical complaints in the United States District Court for the District of Arizona.

McNamee on August 11, 1992 in an (unsuccessful) attempt to curtail the plaintiff's voluminous frivolous filings.[2] Among other things, Judge McNamee's order enjoins Maisano from filing any civil action in the United States District Court for the District of Arizona, or any other federal court, without first obtaining leave of the court. *See Maisano v. Lewis*, CIV 92-1026-PHX-SMM (MS) (D. Ariz. Aug. 11, 1992) (Order and Restraining Order).

In addition, the Restraining Order states that, to obtain leave to file, the plaintiff must file an "Application Pursuant to Court Order Seeking Leave to File" accompanied by an affidavit certifying: (1) "that the claim or claims he wishes to present are new and have not been raised and disposed of on the merits by any federal court"; and (2) "that to the best of his knowledge the claim or claims are not frivolous or taken in bad faith." Restraining Order at 5. The plaintiff is also required to attach to all complaints "a list of all cases previously filed involving similar or related causes of action." *Id.* Any application seeking leave to file must be accompanied by a copy of the Restraining Order, and "[f]ailure to comply strictly with [its] terms . . . will be sufficient ground to deny leave to file." *Id.*

The plaintiff made no attempt with his current filing to comply with the Restraining Order. Accordingly, the present complaint is hereby **DISMISSED WITHOUT PREJUDICE** for failure to comply strictly with the terms of the Restraining Order.

An appeal of this order would not be in good faith, and the Court will not grant leave to appeal *in forma pauperis*.

The Clerk is **DIRECTED** to enter assign a civil action number to this case, to enter

---

[2] Maisano has now filed over 1000 civil lawsuits in federal court (most in the District of Arizona), and approximately 250 during the month of October 2013, according to PACER, a national database of federal court filings.

judgment and to close the case, in accordance with Rule 58, Fed. R. Civ. P.

It is so **ORDERED**.

ENTERED this the ___13th___ day of December 2013.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court